Tyneia Merritt, Esq., (SBN 235750)
**MERRITT LAW, INC.**
8300 Utica Avenue, Suite 193
Rancho Cucamonga, CA 91730
Telephone: (909) 476-0651
Facsimile: (909) 476-7029

Attorney for Movant,
HSBC BANK USA as Trustee for SEQMT 2007-3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>TUAN HAI DANG<br><br>Debtor.<br><br>HSBC BANK USA as Trustee for SEQMT 2007-3<br><br>     Movant,<br><br>v<br><br>TUAN HAI DANG,<br><br>    Respondent. | Case No.: 10-57266<br><br>Docket Control No.: TGM-1<br>Chapter 13<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)**<br><br>DATE: September 1, 2010<br>TIME: 2:15 p.m.<br>Courtroom : 3035<br><br>Honorable Judge Arthur Weissbrodt |

    Movant hereby reply's to the debtor's opposition to movant's motion for relief from automatic stay as follows:

**I. THE DEBTOR HAS NO EQUITY IN THE SUBJECT PROPERTY AND**
     **MOVANT'S IS THE OWNER OF THE SUBJECT PROPERTY.**

-1-

The debtor does not own the subject property. The debtor has no equity in the subject property. On January 15, 2010, Movant purchased the real property commonly known as 493 Verano Court, San Jose, CA 95111 at a public auction. A copy of the Trustee's Deed Upon Sale is attached as Exhibit "A" to the Exhibits in Support of Motion for Relief.

## II.     MOVANT'S TITLE HAS BEEN DULY PERFECTED.

The Trustee's Sale was conducted January 15, 2010, and a Trustee's Deed Upon Sale was recorded in the Official Records, County of Santa Clara, on January 26, 2010. Title has been duly perfected.

## III.     THE DEBTOR'S FRAUD AND ILLEGAL FORECLOSURE CLAIMS.

The debtor has not presented any evidence to show that movant has not complied with the provisions of California Law, specifically, California Code of Procedure section 2924b. The debtor has not presented any evidence that movant does not own the subject property.

Contrary to the debtor's meritless claims and accusations, the movant can produce evidence of compliance with California law and prove that the subject property was sold in accordance with Section 2924 of the Civil Code Under a Power of Sale Contained in a Deed of Trust. The Trustee's Deed Upon Sale contains explicit recitals that it is filed in conformity with a valid foreclosure and incompliance with California Civil Code §2924b. See: <u>Old National Financial Services v. Seibert,</u> (1987) 194 Cal.App.3d 460 which states:

> "...where the plaintiff in the unlawful detainer action is the purchaser at the trustee's sale, he or she "need only prove a sale in compliance with the statute and the deed of trust, followed by a purchase at such sale .."

Moreover, in order to dispute movant's title, debtor is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the [foreclosure] sale procedure..." See: <u>Abdallah v. United Savings Bank</u>, 43 Cal.

Case: 10-57266     Doc# 27     Filed: 08/30/10     Entered: 08/30/10 17:49:27     Page 2 of 23
REPLY TO OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286 (1996); and <u>MCA, Inc. v. Universal Diversified Enterprises Corporation</u> *("MCA")* (1972) 27 Cal App.3d 17.

For the sake of argument, the debtor has not alleged any facts suggesting that he has the ability to tender his unpaid debt of $315,000.00 to Movant.

## IV. THE "HOLDER OF THE NOTE" AND/OR LACK OF STANDING IS NOT GROUNDS FOR THIS COURT TO DENY MOVANT'S MOTION FOR RELIEF

Under California law, there is no requirement for production of the original note to initiate nonjudicial foreclosure proceedings. See <u>Garnder v. American Home Mortgage Servicing, Inc., et al</u>. (Feb. 11, 2010, USDC, ED of California) 2010 U.S. Dist. Lexis 12068, which is attached as Exhibit B.

## V. THE DEBTOR IS FORUM SHOPPING

On February 23, 2010, movant caused a Complaint for unlawful detainer to be filed in the Santa Clara County Superior Court. There was no federal question presented on the face of movant's complaint. The Debtor was served with the unlawful detainer summons and complaint on March 16, 2010.

Sixty days after being served with the unlawful detainer complaint, the debtor's co-defendant in the unlawful detainer case filed a Notice of Removal. Movant filed a Motion to Remand. On July 20, 2010, United States District Court Judge, Jeffrey S. White, remanded the Case Back to the State Court. See Exhibit C which is a true and correct copy of the Order Denying Application to Proceed in Forma Pauperis and Remanding Case. Thereafter, the debtor filed the instant voluntary petition.

On or about March 26, 2010, the debtor also filed an action against Movant in the United States District Court, Case Number C 10-1283 JF for declaratory relief. The debtor never served movant with his lawsuit. The debtor's lawsuit against Movant was dismissed on May 3, 2010 by

-3-

REPLY TO OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

1  United States District Court Judge Jeremy Fogel. See Exhibit D which is a true and correct copy

2  of the Order Dismissing Action Without Prejudice.

3       It appears that the bankruptcy petition was a last minute bad faith decision to stall and

4  stop movant from acquiring possession of the subject property.  Movant, respectfully requests

5  that this court grant's motion for relief from automatic stay.

6

7  Dated: August 27, 2010             MERRITT LAW, INC.

8

9                               TYNEIA MERRITT, ESQ.
                             ATTORNEY FOR MOVANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

−4−

REPLY TO OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT

# EXHIBIT B

# CASE NUMBER 10-57266

 LexisNexis®

LEXSEE

KAREN GARDNER, Plaintiff, v. AMERICAN HOME MORTGAGE SERVICING,
INC.; AMERICAN BROKERS CONDUIT; DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE AS-
SETS TRUST 2007-MORTGAGE-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2007-1; T.D. SERVICE COMPANY; AHMSI DEFAULT SERVICES,
INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CY-
PRESS MORTGAGE GROUP, INC.; THEODORE L. FOWLER, STEVEN JAMES
SAMUELSON and VELMA WILSON, Defendants.

2:09-cv-00744-GEB-EFB

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
CALIFORNIA

*2010 U.S. Dist. LEXIS 12068*

February 10, 2010, Decided
February 11, 2010, Filed

**COUNSEL:** [*1] For Karen Gardner, Plaintiff: Jona-
than Gregg Stein, LEAD ATTORNEY, Law Offices of
Jonathan G. Stein, Elk Grove, CA.

For American Home Mortgage Servicing, Inc., AHMSI
Default Services, Defendants: Bruce T Bauer, Michael
R. Brooks, LEAD ATTORNEYS, Brooks Bauer, LLP,
Santa Ana, CA.

For T.D. Service Company, Defendant: Lawrence J.
Dreyfuss, LEAD ATTORNEY, The Dreyfuss Firm, Plc,
Irvine, CA.

**JUDGES:** GARLAND E. BURRELL, JR., United States
District Judge.

**OPINION BY:** GARLAND E. BURRELL, JR.

**OPINION**

ORDER GRANTING AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS *

* This matter is deemed to be suitable for deci-
sion without oral argument. *E.D. Cal. R. 230(g).*

On October 2, 2009, Defendants American Home
Mortgage Servicing, Inc. ("AHMSI") and AHMSI De-
fault Services, Inc. ("AHMSI Default") (collectively,
"Defendants") filed a motion under *Federal Rule of Civil
Procedure 12(b)(6)* in which they seek an order dismiss-
ing the seven claims alleged against them in Plaintiff's
first amended complaint. (Docket No. 42.) For the rea-
sons stated below, Defendants' motion to dismiss is
GRANTED and DENIED IN PART.

**I. LEGAL STANDARD**

A *Rule 12(b)(6)* motion "challenges a complaint's
compliance with . . . pleading requirements." *Champlaie
v. BAC Home Loans Servicing, LP, No. S-09-1316
LKK/DAD, 2009 U.S. Dist. LEXIS 102285, 2009 WL
3429622, at *1 (E.D. Cal. Oct. 22, 2009).* [*2] A
pleading must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief . . . ."
*Fed. R. Civ. P. 8(a)(2).* The complaint must "give the
defendant fair notice of what the [plaintiff's] claim is and
the grounds upon which relief rests . . . ." *Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007).* Further, "[a] pleading that of-
fers labels and conclusions or a formulaic recitation of
the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).*

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly, 550 U.S. at 547.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 129 S. Ct. at 1949.* Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "When a complaint [*3] pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations and citation omitted).

In evaluating a dismissal motion under *Rule 12(b)(6)*, the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." *Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).* However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. *See Iqbal, 129 S. Ct. at 1949-50.*

Defendants request that judicial notice be taken of three documents related to the foreclosure of Plaintiff's property which are publically recorded with the Sacramento County Recorder: a November 21, 2008 Notice of Default and Election to Sell Under Deed of Trust, a February 23, 2009 Notice of Trustee's Sale, and a March 17, 2009 Trustee's Deed Upon Sale. Plaintiff objects to Defendants' request for judicial notice, arguing that at most, "the documents establish, date and location of filing and the identity of the filer" but "do not establish the Moving Parties' actions." (Opp'n 22:17-28.)

While, "as a general rule, a [*4] district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion . . . it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008)* (quotations and citations omitted). However, to take judicial notice of a fact, it must be either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid. 201(b).* The documents submitted by Defendants are publically recorded documents of which judicial notice may properly be taken, and accordingly, those documents may be considered in deciding Defendants' dismissal motion. *See Champlaie, 2009 U.S. Dist. LEXIS 102285, 2009 WL 3429622, at *4* (finding judicial notice of recorded Notice of Default, Notice of Trustee's Sale,

and Trustee's Deed Upon Sale proper). Plaintiff's argument in opposition to Defendants' request is insufficient to preclude the court from taking judicial notice of these documents.

## II. BACKGROUND

On or about November 16, [*5] 2006, Plaintiff obtained a loan from American Brokers to refinance her residence located at 6610 Chesterbrock Drive in Elk Grove, California. (First Amended Compl. ("FAC") P 38.) The "terms of the loan were [memorialized] in a promissory note which in turn was secured by a Deed of Trust on the property." (*Id.*) The Deed of Trust identified American Brokers as the lender and MERS as the beneficiary and nominee for the lender and the lender's assigns and successors. (*Id.* PP 38, 41.)

Plaintiff alleges that in 2006, defendant Velma Wilson told her she was a loan officer for defendant Cypress and "solicited [Plaintiff] to refinance her residence." (*Id.* P 23.) Plaintiff's claims largely stem from her allegations that Wilson induced her into purchasing an unaffordable loan through misrepresentations, non-disclosure and fraudulent conduct. Specifically, Plaintiff alleges Wilson told Plaintiff that she could get her "the 'best deal' and the 'best interest rates' available on the market" and if the "loan ever became unaffordable" Plaintiff would be able to refinance. (*Id.* PP 25, 36.)

At some point, Plaintiff stopped making payments on her mortgage loan. On or about November 21, 2008, T.D. Service [*6] Company filed a Notice of Default on the loan and deed of trust with the Sacramento County Recorder. (*Id.* P 52, Request for Judicial Notice ("RJN") Ex. A.) The Notice of Default provided that Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1, was the beneficiary and AHSMI Default the trustee under the Deed of Trust. (*Id.*) Plaintiff alleges that "this 'appointment' was fraudulent and void [and] [a]ccordingly, the Notice of Default was defective and void." (FAC P 52.)

A Notice of Trustee's Sale was recorded on February 23, 2009 with the Sacramento County Recorder, stating that AHSMI Default, as the trustee, would sell Plaintiff's property at a public auction occurring on March 17, 2009. (RJN Ex. B.) The Notice of Trustee's Sale provided that the amount of the unpaid balance on Plaintiff's loan totaled $ 458,598.95. (*Id.*)

A Trustee's Deed Upon Sale was recorded on March 23, 2009. The Trustee's Deed Upon Sale states that AHSMI Default, as the trustee, sold Plaintiff's residence to Deutsche Bank National Trust Company for $ 365,925.93 on March 17, 2009. (RJN Ex. C.) At the time

of sale, the [*7] amount of Plaintiff's unpaid debt with costs totaled $ 463,149.54. (*Id.*)

Plaintiff alleges that:

> Defendants, and each of them, are not the real parties in interest, are not the legal trustee, mortgagee or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment, as required by the *California Commercial Code §§ 3301* and *3309*, and *California Civil Code § 2924 et seq.* Therefore, Defendants instituted foreclosure proceedings against Plaintiff's Property without rights under the law.

(FAC P 60.) Further, Plaintiff alleges "Defendants misrepresented material facts with the intent of forcing Plaintiff to either pay large sums of money to the Defendants, to which they were not entitled, or to abandon the Property to a foreclosure sale . . . ." (*Id.* P 61.)

Plaintiff filed her original complaint in this federal district court on March 17, 2009. She filed her now operative first amended complaint on August 4, 2009, in which she alleges ten claims under state and federal law against ten different defendants.

Defendants argue Plaintiff failed to timely serve an [*8] opposition to their dismissal motion since Defendants' counsel was not personally served as required under Local Rule 78-230(c). Local Rule 78-230(c) [1] requires that any opposition to a motion be filed with the Clerk of the Court not less than fourteen days before the hearing date and personally served on opposing counsel not less than fourteen days before the hearing date or mailed or electronically served not less than seventeen days before the hearing date. The hearing date for Defendants' dismissal motion was noticed for November 23, 2009. Plaintiff timely filed her opposition with the Clerk on November 7, 2009. Plaintiff, however, did not effectuate service of her opposition on Defendants' counsel. Nonetheless, since Defendants counsel were aware of Plaintiff's opposition and filed a reply, both the opposition and the reply will be considered.

> 1 The Eastern District amended its Local Rules effective December 1, 2009. Therefore, an older version of the Local Rules was in effect when Defendants' dismissal motion was filed.

## III. DISCUSSION

### A. Rosenthal Act Claims Against AHMSI and AHMSI Default

Defendants argue Plaintiff's Rosenthal Act claims should be dismissed since Plaintiff has not [*9] alleged "any conduct by Defendants that violated any provision of the Rosenthal Act . . . ." (MTD 8:15-16.) Plaintiff responds, arguing she has satisfied the requirements of *Federal Rule of Civil Procedure 8*. (Opp'n 9:18-9:10.)

California's Rosenthal Act serves to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." *Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006)* (citing *Cal. Civ. Code § 1788.1*) (emphasis omitted). However, the Act only governs the conduct of a "debt collector," which under the statute is defined as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself . . . engages in debt collection." *Cal Civ. Code. § 1788.2*.

Plaintiff's complaint alleges Defendants "are debt collectors" and their "actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including . . .: collecting on a debt not owed to Defendants, making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing [*10] upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt." (FAC PP 81, 82.)

Plaintiff's allegations, however, "are too vague to give rise to any inference that a specific defendant has violated" the Rosenthal Act. *Arikat, 430 F. Supp. 2d at 1027* (dismissing as too vague, Rosenthal Act claim that alleged all violations against all defendants without specifying each defendant's individual conduct). Further, "foreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act]." *Castaneda v. Saxon Mortg. Servs., Inc., No. CIV 2:09-01124 WBS DAD, ___ F. Supp. 2d ___, 2009 U.S. Dist. LEXIS 119241, 2009 WL 4640673, at *3 (E.D. Cal. Dec. 3, 2009)* (citations omitted); *see also Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010)* (stating that "California courts have declined to regard a residential mortgage loan as a 'debt' under the [Rosenthal Act]"). Therefore, to the extent Plaintiff's Rosenthal [*11] Act claims against Defendants arise out of collection efforts related to Plaintiff's mortgage loan, they are outside the scope of the

Rosenthal Act. *See Morgera, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160384, at *3* (dismissing Rosenthal Act claim related to residential mortgage loan). Accordingly, Plaintiff's Rosenthal Act claims against Defendants are dismissed.

## B. Negligence Claim Against AHMSI and AHMSI Default

Defendants also argue Plaintiff has failed to allege sufficient facts to state a negligence claim as she only "recites legal truisms intended to pass as factual allegations." (MTD 9:10-11.) Defendants conclude that "these legal conclusions are insufficient to state a claim . . . ." (*Id.* 9:19.) Plaintiff responds, arguing that her amended complaint is "replete with factual allegations." (Opp'n. 11:10.)

Plaintiff alleges that Defendants "owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm." (FAC P 89.) Plaintiff further alleges that "Defendants breached their duty of care to the Plaintiff when they failed to maintain the original Mortgage Note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff." (*Id.*) Plaintiff [*12] also alleges Defendants "breached their duty of care" "when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus wrongfully." (*Id.* P 90.)

Defendants have cited no authority in support of their motion to dismiss Plaintiff's negligence claim, and therefore, have not demonstrated that Plaintiff's factual allegations are insufficient to state a claim for negligence. Although Defendants argue in their reply brief that Plaintiff has not demonstrated that Defendants owed Plaintiff a legal duty of care which could give rise to a negligence claim, a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)* (citation omitted). Therefore, the portion of Defendants' motion seeking to dismiss Plaintiff's negligence claim is denied.

## C. Real Estate Settlement Procedures Act Claim Against AHMSI

Defendants further argue Plaintiff's claims against AHMSI for violations of the Real Estate Settlement Procedures Act ("RESPA") should be dismissed since Plaintiff has failed [*13] to allege sufficient facts to establish that "AHMSI had any duty to respond to Plaintiff's [qualified written] request or to support the conclusion that the response was not proper." (MTD 10:19-21.) Plaintiff counters, Defendants have "successfully concealed from Plaintiff who was servicing her loan" and

"Plaintiff is not required to 'describe' with factual allegations what was improper about [AMHSI's] response." (Opp'n 12:14-13:21.)

Plaintiff's complaint alleges that "[o]n or about Mach 11, 2009, a Qualified Written Request under RESPA . . . was mailed to Defendant [AHMSI]. The QWR included a demand to rescind the loan under the TILA provisions. Defendant [AHMSI] has yet to properly respond to this request." (FAC P 42.) Plaintiff further alleges AHMSI "violated RESPA, *12 U.S.C. § 2605(e)(2),* by failing and refusing to provide a proper written explanation or response to Plaintiff's QWR. (*Id.* P 97.) Plaintiff also alleges "Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in *12 U.S.C. § 2605.*" (*Id.* P 98.) Plaintiff, however, alleges that she "is not certain at this time exactly which of Defendants [*14] was actually the servicer of the loan at any given time." (*Id.* P 95.)

RESPA requires that loan servicers provide a timely written response to a "qualified written request" ("QWR") from a borrower. *12 U.S.C. § 2605(e)(1), (2).* No later than "60 days (excluding legal public holidays, Saturdays and Sundays) after the receipt from any borrower of any qualified written request" a loan servicer is required to "provide the borrower with a written explanation or clarification" that includes certain statutorily specified information. *12 U.S.C. § 2605(e)(2).* However, the requirements of *section 2605(e)(2)* apply only to loan servicers. A "loan servicer" refers to the person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . ." *12 U.S.C. § 2605(i)(2), (3).*

"Plaintiff's inability to allege whether [AHMSI] was the loan servicer at the time in question is troubling because under *RESPA § 2605,* only a loan servicer has a duty to respond to a borrower's inquiries." *Gonzalez v. First Franklin Loan Servs., No. 1:09-CV-00941 AWI-GSA, 2010 U.S. Dist. LEXIS 1657, 2010 WL 144862, at *12 (E.D. Cal. Jan. 11, 2010).* Since Plaintiff is uncertain about which defendant was her [*15] loan servicer at any given time, her allegations are insufficient to demonstrate that any particular defendant was her loan servicer and was obligated to respond to her QWR. *See Castaneda, 2009 U.S. Dist. LEXIS 119241, 2009 WL 4640673, at *5* (stating that "[w]ithout alleging that [defendant] is a 'loan servicer' under RESPA plaintiffs cannot show that [defendant] owed any duty to respond to their QWR . . . ."); *Blanco v. Am. Home Mortgage Servicing, Inc., No. CIV 2:09-578 WBS DAD, 2009 U.S. Dist. LEXIS 119338, 2009 WL 4674904 at *6 (E.D. Cal. Dec. 4, 2009)* (dismissing RESPA claim for failure to respond to QWR where plaintiffs alleged they were "not certain . . . exactly which of the defendants was actually

the servicer of the loan at any given time"). Plaintiff, therefore, has not pled facts demonstrating that AHMSI was her loan servicer when she sent AHMSI her purported QWR. Therefore, Plaintiff's RESPA claim against AHMSI for failure to respond to her QWR is dismissed.

Defendants, however, have not challenged Plaintiff's allegation that "Defendants engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." Therefore, this portion of Plaintiff's RESPA claim is not dismissed.

## D. Fraud [*16] Claim Against AHMSI and AHMSI Default

Defendants argue Plaintiff's fraud claims should be dismissed since Plaintiff has not satisfied the requirements of *Federal Rule of Civil Procedure 9(b)*. (MTD 11:13-12:8.) Plaintiff counters that she has identified specific facts and circumstances constituting fraud. (Opp'n 14:14-15.)

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court, 12 Cal.4th 631, 638, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996).* A claim for fraud in federal court, however, must satisfy *Federal Rule of Civil Procedure Rule 9(b)*'s particularity requirements. *Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003).* "A pleading is sufficient under *Rule 9(b)* if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993)* (quotations [*17] and citations omitted).

Plaintiff's fraud claim is alleged against all ten defendants. Plaintiff alleges "Defendants, and each of them, have made several representations to Plaintiff with regard to material facts"; "[t]hese material representations made by Defendants were false"; "Defendants knew these material representations were false when made, or . . . were made with reckless disregard for the truth"; "Defendants intended that Plaintiff rely on these material representations"; "Plaintiff reasonably relied on said representations"; and "[a]s a result of Plaintiff's reliance, she was harmed and suffered damages." (FAC PP 112-17.)

Plaintiff's fraud allegations are conclusory and clearly fail to satisfy the requirements of *Rule 9(b)*. Plaintiff has merely restated the elements of a fraud claim without providing any factual support. Nowhere in her complaint does Plaintiff describe any representation made by AHMSI or AHMSI Default. Therefore, Plaintiff's fraud claims against Defendants are dismissed.

## E. Unfair Competition Law Claim Against AHMSI and AHMSI Default

Defendants further seek dismissal of Plaintiff's claim under *California Business and Professions Code § 17200 et seq* (the "UCL") [*18] since "Plaintiff has not alleged any facts that demonstrate Defendants have engaged in any conduct that violated that statute." (MTD 12:12-14.) Further, Defendants argue Plaintiff's complaint "fails to state any claim against Defendants, and therefore, fails to allege sufficient facts to demonstrate Defendants are engaged in any unlawful, unfair or fraudulent business practice." (Id. 13:1-4.) Plaintiff responds that she has "alleged viable violations ('hooks') of specific statutory and common law provisions under federal and state laws, including violations of the Rosenthal Act, the RESPA, fraud, and negligence against the moving Defendants." (Opp'n 16:5-8.)

Plaintiff's UCL claim is alleged against all Defendants and alleges "Defendants['] acts alleged [in the complaint] constitute unlawful, unfair, and/or fraudulent business practices, as defined in" the UCL, and "[a]s a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries . . . ." (FAC PP 120-21.)

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising. Because *section 17200* is written [*19] in the disjunctive, it establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair or fraudulent. A practice is prohibited as unfair or deceptive even if not unlawful or vice versa." *Lippitt v. Raymond James Fin. Servs. Inc., 340 F.3d 1033, 1043 (9th Cir. 2003)* (quotations and citations omitted). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under *section 17200 et seq.* and subject to the distinct remedies provided thereunder." *Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 826 P.2d 730 (1992)* (quotations and citations omitted).

Contrary to Defendants' assertion, Plaintiff's RESPA and negligence allegations survive Defendants' dismissal motion. These allegations of unlawful conduct, therefore, provide predicate violations to support Plaintiff's UCL claim. Therefore, Defendants' motion to dismiss Plaintiff's UCL claim is denied.

## F. Wrongful Foreclosure Claim Against AHMSI and AHMSI Default

Lastly, Defendants argue Plaintiff's claims for wrongful foreclosure should be dismissed since "delivery of the original [*20] note and deed of trust is not required to foreclose"; Plaintiff was provided with proper notice under *California Civil Code section 2923.5*; Defendants were not required to suspend foreclosure to allow Plaintiff to be considered for alternative foreclosure options; and Plaintiff has not alleged that she can tender the amount due under the note. (MTD 13:9-15:6.) Plaintiff responds that Defendants have not "proffered proof of ownership or possession of the Note" and therefore are not a "'person entitled to enforce' the security interest on the Property . . . ." (Opp'n 17:15-23.) Plaintiff further argues that Defendants have not complied with *California Civil Code section 2923.5* or *California Commercial Code section 3301*. (*Id.* 18:16-20:27.) Plaintiff also argues that Defendants were required to offer Plaintiff a modification of her mortgage loan and suspend the foreclosure process. (*Id.* 22:9-10.) Finally, Plaintiff argues that she does not need to allege or prove her ability to tender the amount outstanding on her mortgage loan in order to state a wrongful foreclosure claim. (*Id.* 21:2-22:5.)

Plaintiff's complaint alleges that "Defendants [AHMSI], Deutsche Bank, T.D. and AHSMI [Default] [*21] were not and are not in possession of the Note, and are not beneficiaries, assignees or employees of the person or entity in possession of the Note" and therefore are "not 'persons entitled to enforce' the security interest" under *California Commercial Code section 3301*. (FAC P 140.) Further, Plaintiff alleges "Defendants also failed to properly record and give notice of the Notice of Default . . . in violation of California Civil [C]ode § 2923.5." (*Id.* P 142.) Lastly, Plaintiff alleges that since Defendants have received funds under the Troubled Asset Relief Program ("TARP"), they are subject to the United States' Treasury Department's guidelines for the Making Homes Affordable Program, and were required to "suspend the foreclosure action to allow the Plaintiff to be considered for alternative foreclosure prevention options." (*Id.* P 148.)

*California Civil Code sections 2924 through 2941* govern non-judicial foreclosures initiated under a deed of trust. "California courts have consistently held that the Civil Code provisions 'cover every aspect' of the foreclosure process and are 'intended to be exhaustive.'" *Morgera, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, *7* (citing *I.E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d. 281, 285, 216 Cal. Rptr. 438, 702 P.2d 596 (1985)* [*22] & *Moeller v. Lien, 25 Cal. App. 4th 822, 834, 30 Cal. Rptr. 2d 777 (1994)*); *see also Castaneda, 2009 U.S. Dist. LEXIS 119241, 2009 WL 4640673, at *7* (finding

the California Commercial Code inapplicable to non-judicial foreclosure because the "comprehensive statutory framework . . . is intended to be exhaustive" (quotations and citations omitted)). Therefore, "Plaintiff's reliance on *Cal. Comm. Code § 3301* is misplaced" and Plaintiff's allegations under that section are insufficient to state a wrongful foreclosure claim. *Morgera, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *7* (finding *California Commercial Code section 3301* inapplicable to non-judicial foreclosure proceedings).

Under *California Civil Code section 2924(a)(1)*, a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ." *Cal. Civ. Code § 2924(a)(1)*. However, contrary to Plaintiff's assertions, the party initiating the foreclosure process need not be in possession of the note. *See Quintero Family Trust v. Onewest Bank, F.S.B., No. 09-CV-1561-IEG (WVG), 2010 U.S. Dist. LEXIS 6618, 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2010)* (stating that "under California law there is no requirement for production of the original note to initiate nonjudicial foreclosure [*23] proceedings"); *Morgera, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *7* (finding that "[t]here is no requirement that the party initiating non-judicial foreclosure proceedings be in possession of the original note"); *Champlaie, 2009 U.S. Dist. LEXIS 102285, 2009 WL 3429622, at *14* (concluding that "neither possession of the promissory note nor identification of the party in possession is a pre-requisite to non-judicial foreclosure"); *Castaneda, 2009 U.S. Dist. LEXIS 119241, 2009 WL 4640673, at *7* (finding that "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure"). Accordingly, Plaintiff's allegation that Defendants are not in possession of the note does not state a wrongful foreclosure claim.

Further, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the [foreclosure] sale procedure . . . ." *Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286 (1996)* (citation omitted). "Therefore, an action to set aside a foreclosure sale, unaccompanied by an offer to tender, does not state a cause of action [for wrongful foreclosure] . . . ." *Morgera, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *7* (citing *Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117, 92 Cal. Rptr. 851 (1971)* [*24] (stating that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust")); *see also Keen v. Am. Home Mortgage Servicing, Inc., No. CIV. 2-09-01026 FCD/KJM, ___ F. Supp. 2d ___, 2009 U.S. Dist. LEXIS 100803, 2009 WL 3380454, at *10* (concluding that borrower must allege

ability to tender the amount of indebtedness to challenge foreclosure sale). "The application of the tender rule prevents a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Keen, 2009 U.S. Dist. LEXIS 100803, 2009 WL 3380454, at \*10* (citing *Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999))*.

Plaintiff has not alleged any facts suggesting she has the ability to tender her unpaid debt of $ 463,149.54. (RJN Ex. C.) Rather, she argues that tender is not required when "it would be inequitable to do so." (Opp'n. 21:2.) Plaintiff, however, has not explained why requiring her to tender her outstanding debt would be "inequitable" under the circumstances. Therefore, regardless of whether or not Defendants complied with the notice requirements of *California Civil Code section 2923.5,* [\*25] Plaintiff's wrongful foreclosure claim cannot survive Defendants' dismissal motion. [2]

> 2    Further, Plaintiff's assertions of lack of notice appear to be contradicted by the recorded Notice of Default and Notice of Trustee's Sale of which judicial notice was taken.

Plaintiff's last allegation underlying her wrongful foreclosure claim alleges Defendants were required to suspend the foreclosure process due to Defendants' alleged receipt of TARP funds. Even if Defendants participated in the Making Homes Affordable Program ("MHAP"), "Plaintiff fails to show how participation in this program gives rise to a private cause of action." *Gaitan v. Mortgage Electronic Registration Systems, No. EDCV 09-1009 VAP (MANx), 2009 U.S. Dist. LEXIS 97117, 2009 WL 3244729, at \*13 (C.D. Cal. Oct. 5, 2009).* Further, even if provisions of TARP are binding on Defendants, "there is no express private right of action against TARP fund recipients." *Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009).* Therefore, Plaintiff's allegation that Defendants violated MHAP and TARP by refusing to suspend the foreclosure sale, fails to state a wrongful foreclosure claim. Accordingly, Plaintiff's wrongful foreclosure claim  [\*26] against Defendants is dismissed.

## IV. CONCLUSION

For the stated reasons, Defendants' motion to dismiss is GRANTED and DENIED IN PART. Plaintiff, however, is granted leave to amend any claim that has been dismissed. Any amended pleading shall be filed within fourteen (14) days of the date on which this order is filed.

Dated: February 10, 2010

/s/ Garland E. Burrell, Jr.

GARLAND E. BURRELL, JR.

United States District Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT

# EXHIBIT C

# CASE NUMBER 10-57266

United States District Court
For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  HSBC BANK USA,
10          Plaintiff,                          No. C 10-02158 JSW
11  v.
12  KENNY KIEU,                                 **ORDER DENYING**
                                                **APPLICATION TO PROCEED** *IN*
13          Defendant.                          *FORMA PAUPERIS* **AND**
   _____/           **REMANDING CASE**
14

15          On May 19, 2010, Defendant Kenny Kieu filed a notice of removal and an application to

16  proceed *in forma pauperis.* For the reasons set forth in the remainder of this Order, the Court

17  HEREBY DENIES Defendant's application to proceed *in forma pauperis* and REMANDS this

18  action to the Santa Clara County Superior Court.

19          On February 23, 2010, Plaintiff filed a complaint for unlawful detainer in Santa Clara

20  County Superior Court against Defendant (the "State Court action"). (*See* Notice of Removal.)

21  Defendant removed the State Court action on the basis that jurisdiction is premised upon a

22  federal question. (*See* Notice of Removal.) "[A]ny civil action brought in a State court of

23  which the district courts of the United States have original jurisdiction, may be removed by the

24  defendant ... to the district court of the United States for the district and division embracing the

25  place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,*

26  463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

27          However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v.*

28  *Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Accordingly, the burden of

United States District Court

For the Northern District of California

1  establishing federal jurisdiction for purposes of removal is on the party seeking removal, and

2  the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*,

3  372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

4  1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

5  the first instance." *Gaus*, 980 F.2d at 566.

6     "The presence or absence of federal-question jurisdiction is governed by the 'well-

7  pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-

8  pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or

9  she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the

10  well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint

11  establishes either that federal law creates the cause of action or that the plaintiff's right to relief

12  necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*,

13  463 U.S. 1, 27-28 (1983).

14     The State Court action is an unlawful detainer action and, thus, federal law does not

15  create the cause of action. Moreover, the Court concludes that the claim will not necessarily

16  depend upon the resolution of a substantial question of federal law, because Plaintiff need not

17  prove compliance with the federal law relied upon by Defendants to establish its claim. *See,*

18  *e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

19     Furthermore, a court cannot exercise removal jurisdiction on the ground that the

20  complaint gives rise to a potential or an anticipated *defense* that might raise a federal question,

21  even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463

22  U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not*

23  be removed to federal court on the basis of a federal defense, including the defense of pre-

24  emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties

25  concede that the federal defense is the only question truly at issue.") (emphasis in original).

26  Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must

27  remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782,

28  785 (9th Cir. 1992).

Case: 10-57266   Doc# 27   Filed: 08/30/10   Entered: 08/30/10 17:49:27   Page 15 of 23

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, the Court REMANDS this case to Alameda County Superior Court. The Court DENIES Defendant's application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: July 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Case Number: CV10-02158 JSW
**CERTIFICATE OF SERVICE**

HSBC BANK USA,

        Plaintiff,

  v.

KENNY KIEU et al,

        Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenny Kieu
493 Verano Court
San Jose, CA 95111

Dated: July 20, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT

# EXHIBIT D

# CASE NUMBER 10-57266

1

2                                              **E-Filed 5/3/2010**

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   TUAN HAI DANG, et al.,              Case Number C 10-1283 JF (HRL)

13              Plaintiffs,              **ORDER[1] DISMISSING ACTION
                                         WITHOUT PREJUDICE**
14       v.

15   HSBC BANK USA; MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.; EXECUTIVE
16   TRUSTEE SERVICES, LLC; and GMAC
     MORTGAGE, LLC,
17
                Defendants.
18

19

20       On April 9, 2010, the Court denied Plaintiffs' applications to proceed *in forma pauperis*.

21   As of the date of this order, no Plaintiff has paid the required filing fee.

22       On April 28, 2010, Plaintiffs Tuan Hai Dang ("Tuan Hai") and Kim Dang ("Kim"),

23   proceeding *pro se*, requested dismissal of the action without prejudice.  Both Tuan Hai and Kim

24   also filed declarations asserting that they were not signatories to the complaint.  Kim also

25   asserted that she signed certain previously filed declarations upon the advice and instruction of

26   William Buckley Stewart III ("Stewart"), who entered into a contingency fee contract to act on

27   _____

28       [1] This disposition is not designated for publication in the official reports.

     Case No. C 10-1283 JF (HRL)
     ORDER DISMISSING ACTION WITHOUT PREJUDICE
     (DP)

1  behalf of Plaintiffs despite the fact that he is not an attorney.  The Court already has rejected

2  Stewart's contention that he may act on Plaintiffs' behalf as a "private attorney general."  (*See*

3  Doc. No. 12.)

4      Good cause therefor appearing, the Court will dismiss the action without prejudice.

5

6      IT IS SO ORDERED.

7

8  DATED: 5/3/2010

9                                          _____
                                           JEREMY FOGEL
10                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

2   This Order has been served upon the following persons:

3   Tuan Hai Dang
    439 Verano Court
4   San Jose, CA 95111

5   Doris Buu
    c/o R.A. Guancione
6   Notary Acceptor
    POB 641641
7   San Jose, CA 95164

8   Kim Dang
    439 Verano Court
9   San Jose, CA 95111

10  Kenny Kieu
    c/o R.A. Guancione
11  Notary Acceptor
    POB 641641
12  San Jose, CA 95164

13  Cassie Buu
    c/o R.A. Guancione
14  Notary Acceptor
    POB 641641
15  San Jose, CA 95164

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No. C 10-1283 JF (HRL)
ORDER DISMISSING ACTION WITHOUT PREJUDICE

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 8300 UTICA AVENUE, SUITE 193, Rancho Cucamonga, CA 91730.

On 8/27/2010 I served the foregoing document described as **REPLY TO DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

TUAN HAI DANG
3674 ROSE TERRASE CIRCLE
SAN JOSE, CA 95148

Devin Derham-Burk
PO Box 50013
San Jose, CA 95150

Office of the US Trustee
280 S. 1st Street, Sutie 268
San Jose, CA 95113

BAC Home Loan Servicing
7105 Corporate Drive
Plato, CA 75024

Lawrence J. Buckley
9441 LBJ Freeway #350
Dallas, TX 75243

[ X ] By Mail
[ X ] *1 deposited such envelope in the mail at Rancho Cucamonga, California. The envelope was mailed with postage thereon fully prepared.

[] By Fax: I faxed the above referenced documents to:

[] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at Rancho Cucamonga, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

REPLY TO OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY

( ) BY overnight delivery. By delivering to Ontrac, an overnight delivery service, in an envelope designated by Ontrac with delivery fees paid or provided for, addressed to the individual at the address listed above and/or attached mailing list. Date of Deposit:. Location of Deposit: Rancho Cucamonga.

[X]  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on 8/27/10, at Rancho Cucamonga, California.

VICTORIA HERBERT
Type or Print Name                                                    _____Signature

REPLY TO OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY