ORIGINAL

FILED
SEP 17 2010
CLERK
United States Bankruptcy Court
San Jose, California

Tuan Hai DAng
3674 Rose Terrasse Circle
San Jose, CA 95148
408-394-4873
<dangng99@email.com>

UNITED STATES BANKRUPTCY COURT

Northern District of California

Tuan Hai Dang,

Plaintiff-Debtor

Vs.

HSBC BANK as Trustee for for SEQMT 2007-3 and MERS

Claimant

Case No. 10-57266

MOTION TO COMPEL CLAIMANT'S ATTORNEYS TO SUBMIT AN AFFIDAVIT TO THIS COURT STATING WHETHER OR NOT THEY ARE REPRESENTING THE HOLDER IN DUE COURSE AND THE CREDITOR IN THIS MATTER

Honorable:
Arthur Weissbrodt

Plaintiff, Tuan Hai Dang, *pro per*, pursuant to, *inter alia*, Rule 1 of the F.R.Civ.P. hereby enters her Motion to Compel Claimant' attorneys; **to submit to this Court an affidavit signed under penalty of perjury by a party under the jurisdiction of this Court**, pursuant to, *inter alia*, F.R.Civ.P. Rule 17(a) stipulating and admitting on and for the record: 1) whether or not they are representing the

Holder in Due Course and the Creditor in this matter; 2) are not in actuality acting as a debt collector in this matter

Furthermore, Compel Claimant' attorneys to state on and for the record, what entity, if any, is the Holder in Due Course and the Creditor in this matter.

For clarification purposes, Plaintiff is **_not_** asking Claimant' attorneys what entity is the Holder, or if they represent the Holder. Plaintiff has clearly stated he is asking Claimant' attorneys to stipulate as to whether or not they represent the Holder in Due Course and the Creditor in this matter and if Claimant' attorneys are actually acting as a debt collector.

Also for clarification purposes, in this Motion, Claimant are defined as Claimant and/or their successors and/or the corporation Claimant were and/or are an officer of, during any aspect of any contingent that was in any way responsible and/or involved with the non-judicial foreclosure and/or Deed of Trust and/or this action. This definition is not cause to consider the Claimant' corporation as a party to this suit as Plaintiff hereby reiterates that Claimant' corporations were only used by Claimant' as part of a criminal conspiracy to unlawfully divest Plaintiff of Plaintiff's lawfully owned real property.

**WHEREAS**, Claimant' attorneys have obfuscated facts and avoided important issues and determining factors in this matter causing undue delay in achieving a just, speedy and inexpensive resolution to this matter.

**WHEREAS**, Claimant' attorneys have repeatedly misrepresented facts concerning Claimant' standing to confuse this Court by claiming Claimant are a Holder without denying or proving Claimant are the Holder in Due Course.

**WHEREAS**, Claimant' attorneys have repeatedly misrepresented facts to confuse this court concerning Claimant' standing by appearing as the Creditor without denying or proving Claimant are the Creditor.

**WHEREAS**, there are no facts in evidence there was ever a risk of assets by any Defendant and/or Claimant' corporation in the matter that led to the non-judicial foreclosure, and ultimately this suit.

**WHEREAS**, Claimant' attorneys could not have lawfully commenced a non-judicial foreclosure against Plaintiff in the State of California unless Claimant are and were at the time of the commencement the Holder in Due Course of the Promissory Note that was integral to the Mortgage/Deed of Trust.

**WHEREAS**, Claimant' attorneys must, pursuant to Rule 17(a) ratify the commencement of any proceeding when requested to do so by Plaintiff.

**WHEREAS,** this Court has the judicial discretion pursuant to Rule 1 to Compel Claimant and Claimant' attorneys to assist this Court in the just, speedy and inexpensive resolution to this matter.

**WHEREAS**, F.R.Civ.P. Rule 1 requires all parties to cooperate to secure the just, speedy, and inexpensive determination of every action and proceeding.

**WHEREAS**, if Claimant are not the Holder in Due Course and the Creditor, the Claimant' attorneys have violated A.R.S. § 13-2705 by making inconsistent statements to different government agencies.

**WHEREAS**, the aforementioned stipulations and admissions by Claimant' attorneys would achieve a just, speedy and inexpensive resolution to this matter thereby saving the State's and this Court's valuable and limited resources.

**THEREFORE**, this Court should grant Plaintiff's Motion to Compel and order Claimant' attorneys to submit affidavits under penalty of perjury declaring on and for this Court's record: whether or not they represent the Holder in Due Course and the Creditor in this matter; and whether or not the Claimant or their attorneys are acting as debt collectors.

Plaintiff now has new evidence pursuant to 657.4 Claimant HSBC BANK, AS TRUSTEE IN TRUST FOR SEQMT 2007-3 is not the holder in due course.

1. This CUSIP number is the proof that this mortgage left the Original hands, into the
2. hands of a third party, from which securities where created, and those securities are
3. then traded.
4. Now HSBC Bank USA, as Trustee for as Trustee for for SEQMT 2007-3 claiming
5. to be the Holder-in-Due-Course is Foreclosing. Please show this court the "chain of
6. custody" from the First Magnus Financial Corporation (Original Lender) to HSBC
7. Bank USA, as Trustee for as Trustee for for SEQMT 2007-3, or from HSBC Bank
8. USA, as Trustee for as Trustee for for SEQMT 2007-3back to the First Magnus
9. Financial Corporation (Original Lender)
10. Without the allonge (chain of custody) firmly attached to the Mortgage they have
11. squat.
12. The Mortgage is nothing more than window dressing for the NOTE. Once the
13. NOTE and Mortgage are separated the become un-enforceable
14. Name of Instrument – GMAC MORTGAGE (WELLS FARGO BANK or HSBC
15. BANK USA)– Account #0359511372
16. CUSIP NUMBER = #31617R605 (Major)
17. FUND #372
18. SYMBOL = FFFDX
19. ~~Currently being traded through – FIDELITY FREEDOM 2020~~
20. Net Assets in FUND = 19.13 Billion
21.
22. **<u>VERIFIED STATEMENT</u>**
23. The undersigned, Tuan Hai Dang, *pro per*, a man, and a civilian, herein
24. Plaintiff, does solemnly declare and state as follows:
25. I am moving this Court to Compel Claimant for ratification of
26. commencement in furtherance of achieving a just, speedy and inexpensive
27. resolution to this matter pursuant to Rule 17(a) and in no way do I believe this
28.

4

Motion to Compel will cause an undue financial burden or harass Claimant and/or Claimant' attorneys in any way.

I believe there is good cause and foundation in law for this Motion to Compel and absence of an affidavit by Claimant' attorneys as stipulated above will negatively effect the pursuit of justice and waste the State's and this Court's valuable and limited resources.

DATED: the 15th day of September, in the year of Our Lord, 2010

BY: _____
Tuan Hai Dang, *pro per*
Signed reserving all my rights at UCC 1-308

Tuan Hai Dang
3674 Rose Terrasse Circle
San Jose, California [95148]
Telephone: 408-394-4873
Facsimile: 408-223-1539
haidangng009@gmail.com

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tuan Hai Dang** <br> CHAPTER 13, <br><br> Plaintiff-Debtor <br><br> Vs. <br><br> **HSBC BANK**, AS TRUSTEE IN TRUST FOR **SEQMT 2007-3** <br> , <br><br> Claimant | Bankruptcy Case No. 10-57266 <br><br> OPPOSITION TO CREDITOR'S CLAIM AND OPPOSITION TO RELIEF FROM STAY <br><br> Assigned to Honorable Arthur Weissbrodt <br><br> HEARING REQUESTED) |

COMES NOW debtor **Tuan Hai Dang**, respectfully alleging the following in his OPPOSITION TO CLAIM AND OPPOSITION TO RELIEF FROM STAY against **HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3** to whit:

JURISDICTION. VENUE. PARTIES

Tuan Hai Dang Domiciled on the land near 493 Verano Court, San Jose community, California states:

1. Debtor is an individual, and debtor of the within-captioned bankruptcy case, under Chapter 13 of the Bankruptcy Code. Plaintiffs-Debtor's address is 493 Verano Court, San Jose, California.

1

Case: 10-57266    Doc# 33    Filed: 09/17/10    Entered: 09/20/10 13:39:02    Page 6 of 20

2. Claimant **HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3** is the alleged holder of the rights to contract in this disputed claim.

### 3. GENERAL ALLEGATIONS

HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3's MOTION FOR RELIEF FROM AUTOMATIC STAY as the Court may read is predicated almost entirely on their right to appear here as a creditor and legal holders of the rights of contract to Debtor's mortgage. But Debtor disputes the claim of HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3, as having right to appear here as a creditor and legal holders of the rights of contract to Debtor's mortgage.

4. On May 9, 2007 Debtor refinanced the property near 493 Verano Court, San Jose community, California.

5. . Claimant asserted a claim against Debtor and further asserted that said claim is secured by a lien against said property. A copy of said property of claim is attached hereto as Exhibit DT.

6. Claimant has failed to provide original and subsequent documentation to show that they are the proper holders of a mortgage on said property pursuant to applicable laws.

7. Without proper documentation, Claimant's claim must be expunged since there is no proof to establish Claimant's lien.

### LACK OF STANDING

**Whether any parties for whom Claimant, herein after "Defendant", is acting is holder in due course of the original, unconverted, debt instruments who would have personal jurisdiction and standing as legal holders of the debt to have claim brought in their own name** even if the debt were deemed to be valid, or whether such note/contract between First Magnus Financial Corporation and Debtor survives today has not been established by the defendant **by affidavit or other competent fact witness.**

HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3Trust is a statutory trust under New York Statutory law which, according to its prospectus as found on the Securities and Exchange Commission web site

2

http://www.secinfo.com/dsvRa.z2nw.htm, is **a specifically created investment vehicle that issues securities "backed" or supported by mortgage financial assets.**

I.

**HSBC BANK USA AS TRUSTEE IN TRUST FOR SEQMT 2007-3** actions to enforce this loan contract that is the subject of this dispute against Debtor is an and illegal act by **FRAUDULENT MISREPRESENTATION AS TO ENFORCE RIGHTS OF CONTRACT** jeopardizing the title and possession of the Debtor to his property that is the subject of this dispute in that the Defendant lacks **JURISDICTION AND STANDING TO ENFORCE THE RIGHTS OF CONTRACT in this case.**

**HSBC BANK USA AS TRUSTEE IN TRUST FOR SEQMT 2007-** is identified in the Motion for Relief from Stay and other official documents as actual holder of the loan contract at the time of, and with the power to exercise foreclosure in its name in this contract that led to its ownership of the property.

Reports of the Securities and Exchange Commission on official Securities and Exchange Commission website **http://www.secinfo.com/d1Z7kr.v46t.htm** shows the **State of New York is the state of its creation under the law.**

Debtor has received official documentation from the Secretary of State of New York showing that no corporation, trust, or other legal entity by either of those or any similar name exists or has been chartered, incorporated or otherwise legally created in the State of New York for which a Trustee may be acting. This documentation by these authorities will be provided to the Court at time of hearing.

**On these grounds Defendant moves for immediate denial of relief from stay. A trustee cannot act for a phantom party in interest that does not legally exist to be an in personum holder of these debt instruments or the holder of real property and the claim must be voided.**

Pursuant to the Uniform Commercial Code and California law, any legally recognized "person" can be a holder in due course of such debt instruments or of real property in California.

UCC 1-201 and California **Code 1201 "Holder"** means: (A) the <u>person</u> in possession of a negotiable instrument that is payable either to <u>bearer</u> or to an identified person that is the person in possession; or (B) the person in possession of a <u>document of title</u> if the goods are deliverable either to bearer or to the order of the person in possession.

3

A "person" is defined there as: UCC 1-201 and California **Code1201,** "Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity.

The assignment or sale of the debt instruments and of the subject property to such an entity that does not exist possessing legal personhood under the laws of some state or the federal government to own such instruments and to have become legal owner of the property in question is invalid and therefore can convey no rights of property, title or possession of the debt instruments prior to sale or of the subject property after the sale to support any action by a trustee in its behalf under the laws of California.

On these grounds Defendant moves for voiding of claim, voiding of the title to the property subsequent to the sale and of Claimant's claim to right of possession by this unlawful detainer action as the fiduciaries for the true holder cannot act for a phantom party in interest that does not legally exist to be an in personum holder of these debt instruments or of the subject property to give either party standing and personal jurisdiction of legal parties in interest to have enforced the claims and rights of the contract or to have become the owner of the property under the laws of California.

Pursuant to UCC **3-302,** and California Code 3302 absent being holder in due course of the Debt Instruments, **defendant lacks STANDING TO ENFORCE THE RIGHTS OF CONTRACT in this case** or to have become owner of the property at sale and foreclosure against Plaintiff's property by and its purchase by claimant was a fraudulent and illegal act jeopardizing the title and possession of the Plaintiff to his property that is the subject of this dispute and the sale should be voided and Plaintiff should be enjoined from such action.

**On these grounds Plaintiff moves for voiding of the claim as the fiduciaries for the true holder cannot act for a phantom party in interest that does not legally exist to be an in personum holder of these debt instruments or of the property in dispute to give either party standing and personal jurisdiction of legal parties in interest to enforce the claims in this bankruptcy.**

II.

Further, Plantiff has new knowledge that will prove to the Court the assignment of the deed of trust, under which foreclosure, the Deefendant, **HSBC BANK USA acting in behalf of the holder of the loan, AS TRUSTEE IN TRUST FOR SEQMT 2007-3,** gained title to the subject

4

property was invalid or fraudulent voiding the title of the plaintiff to bring this current action and it should be dismissed.

Attached is a Memorandum of law of the United States Trustee in support of sanctions against JP Morgan Chase Bank, National Association. This Memorandum is a brief concerning a bankruptcy case that involved Chase, Long Beach Mortgage, Long Beach Mortgage Loan Trust 2006-2, Long Beach securities, WaMu, Deutsche Bank and Lender Processing Service (LPS) (exhibit MS) . In further support there is submitted articles from publication in Fraud Digest by competent authorities in the field of bank fraud (exhibit FD).

And a redacted affidavit from one of the cases referenced (exhibit AR).

According to the authorities therein cited in the affidavit and memoranda, In tens of thousands of foreclosure cases filed by trustees for a mortgage-backed trust, the trustee for the Asset Trust has used specially prepared Mortgage Assignments to show that they have the right to foreclose.

These documented authorities spell out in the cases referenced the same thing, the facts, show to have happened in this case: According to Lynn E. Szymoniak, Certified Fraud Examiner and Expert Witness for the federal Government in Insurance Regulatory and Fraud Matters in the action for sanctions in the cases referenced and in U.S. v. Michael Zapetis, et al. 8:2006cr00026, Middle District of Florida; U.S. v. Thomas D. King, 3:2006cr00212, Middle District of Florida; U.S. v. Donald E. Touchet, Richard E. Standridge and Robert J. Jennings, 3:2007cr00090, Middle District of Florida, 2008 WL 111306M; affirmed, United States v. Jennings, Case No. 08-13434 (11th Cir. Jan. 5, 2010) The People of the State of California v. Mitchell Zogob, Orange County, California; U.S. v. James Kernan, 5:2008cr00061, Northern District of New York; if a loan was put into a trust with a closing date in the pooling and servicing agreement in 2006, ( in this case July 27, 2007 according to the Trust's Prospectus here in cited ) or if the trust indentures show that it was suppose to be put in that trust and follow a chain of ownership until it ended up in that trust by a certain date by a certain date according to the trust's Prospectus her in cited http://www.secinfo.com/d12TC3.u1273.htm (closing date of the trust July 27, 2007) any assignment after that closing date it is actually an Assignment specially, and in many cases, fraudulently, made to facilitate foreclosures.

As she states, In all of these thousands of cases, no Assignment actually took place on the date stated and no consideration was paid by the grantee to the grantor despite the representations in the Assignments. Most significantly, no disclosure was ever made to the Court in the

foreclosure or bankruptcy case or to the homeowners in default that the original Assignments to the Trust were never made or were defective and that the recently-filed Assignments were **specially made to facilitate foreclosures years after the property was already transferred if in fact it had been.**

As she states in these articles, In the rush to securitize residential mortgages, many securities companies did not secure the essential paperwork. In particular, many trusts have missing Mortgage Assignments. This is true even though the trust documents set forth plainly that such Assignments shall have been delivered to the Trust by the loan originators by a set closing date.

According to these authorities, (the originator) should have delivered a signed and dated Assignment to the Trust Depositor, which ultimately should have resulted in delivery of a signed and dated Assignment to the trustee, **in 2007.**

According to these authorities, and as may be found in the prospectus and other official governing documents for these investment vehicles, upon examination, such Mortgage-backed trust contains very specific provisions regarding conveyances of mortgages, notes and Assignments and most often even include the form that each document custodian must sign attesting to the delivery and acceptance of such documents.

**Further, according to these authorities herein cited, Mortgage-backed trusts are not allowed under their own rules to acquire non-performing loans after the closing date of the trust and add such loans to the trust because of significant additional tax liability to the trust if it adds properties in violation of its own documents. These rules are in place to protect the investors in the trust.**

In addition, Mortgage Backed Securities Trusts do not acquire loans after the closing date of the trust because **they are prohibited from doing so under the Internal Revenue Code**, as evidenced by a 100% penalty tax on such prohibited transactions.

According to these authorities and as confirmed under the very strict rules of its operation to protect the investors as found in the prospectus and other official governing documents for this investment vehicle, ( as found on the self authenticating official Securities and Exchange Commission website, http://www.secinfo.com/d12TC3.u1273.htm , where either the Mortgage Backed Securities Trust lacked title to the mortgage, **or shows assignment to it after the start-up period**, the REMIC requirements for a static pool of qualified mortgages were breached. The notes were not "qualified mortgages" under IRC §860G and the Mortgage

6

Backed Securities Trust received income from borrowers NOT attributable to a qualified mortgage or permitted investment. And under IRC §860F, the Mortgage Backed Securities Trust will owe **a 100% penalty tax.** Pursuant to IRC §860G, all assignments to the Mortgage Backed Securities Trust after the REMIC start-up period are subject to a 100% penalty tax.

Further, pursuant to IRC§ 61, all the payments made from borrowers to the Mortgage Backed Securities Trust in relation to notes and mortgage loans not so protected by assignment to the Mortgage Backed Securities Trust **prior the REMIC start-up period** represent gross income and are subject to federal income taxes.

**Again, As a consequence, according to Ms. Szymoniak, if a loan was put into a trust with a closing date in the pooling and servicing agreement in 2007 or if the trust indentures show that it was suppose to be put in that trust and follow a chain of ownership until it ended up in that trust by a certain date (closing date of the trust), as maybe in the case of the assignment of this loan, any assignments after that closing date is actually an Assignment specially, or fraudulently made after the fact to legitimize a chain of title to facilitate foreclosure.**

As a consequence of these facts affirmed upon production before the Court and the debtor of the assignment of interests in the loan that resulted in foreclosure and alleged ownership of the property by the Claimant this will be prima facie evidence whether or not the **assignment to this present claimed holder of rights to this contract is invalid if not fraudulent or illegal.** Or that No Assignment actually took place on the date stated and no consideration was paid by the grantee to the grantor despite the representations in the Assignments.

Most significantly, no disclosure was ever made to the Court in the foreclosure or to the homeowners in default that the original Assignments to the Trust were never made or were defective and that the recently-filed Assignments were **specially made to facilitate foreclosures years after the fact.**

The record in this case shows exactly that. If the Debt instruments of this contract were not assigned to **HSBC BANKUSA acting in behalf of the holder of the loan, AS TRUSTEE IN TRUST FOR SEQMT 2007-3** by the then present holder, until after the closing date of **July 27, 2007** for the REMIC start-up period and of the Pooling and Servicing Agreement, **as confirmed in the prospectus for this investment vehicle.** Therefore, based on the documentation and expert testimony of these authorities in this and other cases herein cited, with the documents in

7

this case, **this will be prima facie evidence that the assignment of the mortgage in dispute to HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3 is shown to be invalid, if not illegal or fraudulent voiding the standing of HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3 to have brought the foreclosure action upon which it claims rights to possession in this case as the assignment was made solely to facilitate foreclosure and proves no ownership of borrower's loan whatever on which its foreclosure and claims to possession rests and on this basis this claim should be dismissed.**

**And pursuant to these facts** Debtor demands the right to have produced for the Court the original **Mortgage and Promissory Note for examination by the Debtor and the Court** for evidence of such **markings on it or an allonge attached or reduced to computer disc showing what exchange, sale or transfer of the loan has been made by one or more of the holders of these instruments since the making of the loan and who actually is now the present alleged legal and actual holder of this debt with standing to have foreclose performed in its name, AND the original or certified copy of the Assignment of Deed of Trust by which Claimant alleges to have come into ownership of the rights of the contract foreclosed under that allegedly led to their standing to seek this relief from stay.**

III.

Further, the assignment of the deed of trust to HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3, **upon best belief and knowledge,** was made by MERS; **Mortgage Electronic Registration Systems, Inc**. The beneficiary under the Deed of Trus, see exhibit DT attached, **There is no evidence that ownership of the note was transferred** by this assignment. And there has been no other testimony or evidence submitted by the Claimant at anytime before or after foreclosure to support such change of ownership to the note.

**Mortgage Electronic Registration Systems, Inc. is identified in Defendant's deed of trust, of record in this case as acting 'solely as nominee for the lender or their successors and**

8

**assigns' acknowledging they themselves were not and never would be a legal holder of the rights to this loan.**

The United States Bankruptcy Court for the Eastern District of California has issued a ruling dated May 20, 2010 in the matter of In Re: Walker, Case No. 10-21656-E-11 which found that MERS could not, as a matter of law, have transferred the note to Citibank from the original lender, Bayrock Mortgage Corp. The Court's opinion stating that MERS and Citibank are not the real parties in interest.

The court found that MERS acted "only as a nominee" for Bayrock under the Deed of Trust and **there was no evidence that the note was transferred**. The opinion also provides that "several courts have acknowledged that MERS is not the owner of the underlying note **and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed"**, citing the well-known cases of In Re Vargas (California Bankruptcy Court), Landmark v. Kesler (Kansas decision as to lack of authority of MERS), LaSalle Bank v. Lamy (New York), and In Re Foreclosure Cases (the "Boyko" decision from Ohio Federal Court).

The opinion states:

> **"Since no evidence of MERS' ownership of the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank. Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law."**

This conclusion was based upon California law cited in the opinion that the note and the mortgage are inseparable, with the former being essential while the latter is "an incident", and that an assignment of the note carries the mortgage with it, "while an assignment of the latter [the mortgage] alone is a nullity."

Based on the determinations of that court, As MERS must own the note in order to assign the incident deed of trust; **MERS is legally precluded from assigning the deed of trust for want of ownership of the note, and cannot assign the note in any event as it never owned it.**

9

MERS' lack of ownership interest in promissory note is a matter of decided case law based on a record stipulation of MERS' own lawyers in the MERS v. Nebraska Dept. of Finance decision.

This California court made it a point to cite non-bankruptcy cases as to the lack of authority of MERS in its opinion. Further, this opinion is consistent with the prior rulings of the Idaho and Nevada Bankruptcy courts on the same issue, that being the lack of authority for MERS to transfer the note as it never owned it (and cannot, per **MERS' own contract** which provides that **MERS agrees not to assert any rights to mortgage loans or properties mortgaged thereby**).

Further, the Missouri Court of Appeals Eastern District in Bellistri v Ocwen March 3, 2009 has expressed an opinion that shows an assignment of a loan to a servicing company for collection can actually make the loan uncollectible from the mortgaged property.

MERS, Mortgage Electronic Registration Service, is the named mortgage holder in transactions having an aggregate dollar value in the hundreds of billions, and its service of providing a way to trace ownership of mortgages has played a large role in the securitization of mortgages and the marketability of derivative mortgage-backed securities.

Bellistri obtained a deed from the Jefferson County (Mo.) collector. A suit to cure the potential defects, a "quiet title suit" was required to make title good, so that the property could be conveyed by warranty deed and title insurance issued to new lenders and owners. The plaintiff in a quiet title suit is required to give notice of the suit to all parties who had an interest in the property identified in the collector's deed.

A borrower named Crouther had obtained a loan from BCN Mortgage. The mortgage document named MERS as the holder of the deed of trust as BCN's nominee though the promissory note secured by the deed of trust was payable to the lender and didn't mention MERS, as in the present dispute. Meanwhile, MERS assigned the promissory note and deed of trust to Ocwen Servicing.

Bellistri filed a suit for quiet title and to terminate any right of Crouther to possess the property. After discovering the assignment of the deed of trust to Ocwen, Bellistri added Ocwen as a party to the quiet title suit, so that Ocwen could have an opportunity to prove that it had an interest in the property, or be forever silenced.

Bellistri's attorney argued that Ocwen had no interest in the property, because the deed of trust that it got from MERS could not be foreclosed.

> The decision states, "When it assigned the deed of trust. MERS attempted to transfer to Ocwen the deed of trust "together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due."
> The record reflects that BNC was the holder of the promissory note. There is no evidence in the record or the pleadings that MERS held the promissory note or that BNC gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note is ineffective. Black v. Adrian, 80 S.W.3d 909, 914-15 (Mo. App. S.D. 2002) ("[A]ssignee of a deed of trust or a promissory note is vested with all interests, rights and powers possessed by the assignor in the mortgaged property"). MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force. See George, 76 S.W.2d at 371. St. Louis Mid. Life Ins. Co., 46 S.W.2d at 170.
> As Ocwen holds neither the promissory note, nor the deed of trust, Ocwen lacks a legally cognizable interest and lacks standing to seek relief from the trial court. See Scott, 235 S.W.2d at 374. The trial court was without jurisdiction to grant Ocwen its requested relief, and did not err in granting summary judgment in Bellistri's favor.
> **As a matter of law, the right to foreclose goes away when the promissory note is "split" from the deed of trust that it is supposed to secure. The note that Crouther signed and gave to BNC didn't mention MERS, so MERS had no right to assign the note to Ocwen. The assignment that MERS made to Ocwen conveyed only the deed of trust, splitting it from the note.".**

These opinion thus serve as a legal basis by which Debtor here challenges the standing of the claimant to foreclosure of the subject property based on a MERS assignment and on this basis Defendant moves this claim be dismissed.

**And again, pursuant to these facts** Debtor demands the right to have produced for the Court the original **or certified copy of the Assignment of Deed of Trust by**

11

which Claimant alleges to have come into ownership of the rights of the contract foreclosed under that allegedly led to their standing to seek this relief from stay.

Premises considered, Plaintiff prays the Court to deny this motion for Relief from Stay until it determines finally the status of HSBC BANK ACTING IN BEHALF OF THE HOLDER OF THE LOAN, AS TRUSTEE IN TRUST FOR SEQMT 2007-3 **as a party in interest with rights to make motions and claims before the Court affecting this bankruptcy and with the right to seek anything from this honorable Court.**

IV.

LACK OF PROOF OF PERFECTED TITLE

**Further there is an Insufficiency of the evidence of title to justify granting of Relief from Stay based on a claim of ownership of the property.**

There is in fact a controversy over title in the public records. RESCISSION OF TRUSTEE'S DEED was recorded : 04/21/2010 and a FULL RECONVEYANCE to Debtor was recorder 05/15/2009 as a matter of public record. These actions and conveyences were not disputed or challenged by the Claimant in state court and therefore they stand as the official status of the property as to title.

This is attested to by a duly qualified title search performed by Fidelity National Title Insurance at the behest of Debtor May 24, 2010, herein attached as exhibit T, and showing Debtor, not the Claimant, to be the current recorded owner of the property negating the standing of Claimant to have brought this action and this action against Debtor's property should be dismissed on this ground .

FIRST CLAIM FOR RELIEF
Declaratory Relief to Determine an Interest in Property
Federal Rules of Bankruptcy Procedure 7001 (2') and 7001 (9')

8. Debtor denies said claim made by Claimant in this bankruptcy proceeding.

12

9. An actual controversy exists between Claimant and Debtor with regard to the nature, extent and validity of Claimant's interest in said property.

10. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the nature, extent and validity of Claimant's interest in said property before it may honor any motions by Claimant in Debtor's bankruptcy.

SECOND CLAIM FOR RELIEF

EXPUNGEMENT OF Proof of Claim

Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9)

11. Upon the determination by this Court as to the actual rights and obligations of the parties, Claimant's proof of claim must be expunged.

Wherefore, Debtor moves the court for the following relief:

12. That this Court determine the nature, extent and validity of Claimant's real interest in property at 493 Verano Court, San Jose community, California.

13. That this Court expunge Claimant's proof of claim in this bankruptcy proceeding and deny Claimant's motion for relief from stay.

14. For such other and further relief that this Court deems just and proper.

Respectfully submitted,

Dated: Sep 17, 2010

*[signature]*

Tuan Hai Dang
Plaintiff-Debtor
Tuan Hai Dang
c/o 493 Verano Court
San Jose, California [95111]

13

Tuan Hai Dang
3674 Rose Terrasse Circle
San Jose, CA 95148

UNITED STATES BANKCRUPCY COURT

DISTRICT OF CALIFORNIA COUNTY OF SANTA CLARA

| | |
|---|---|
| Tuan Hai Dang, | Case No. 10-57266 |
| Plaintiff-Debtor, | **TUAN HAI DANG DECLARATION** |
| vs. | |
| HSBC Bank USA, as Trustee for SEQMT 2007-3 | |
| Claimant, | |

I, the undersigned Tuan Hai Dang, do hereby declare and avow, certify and affirm as follows:

1. I am one of the Plaintiffs in the above civil action.

2. On September 10, 2010, I met together with well known and high respected bankruptcy-real estate foreclosure specialist attorney in Sacramento, California. He agreed to accept my case and he is preparing the substitution of attorneys. However, Mitchell Luke Abdallah cannot receive payment of retainer except with approval by order from this court, or otherwise if my relative and friends provide money to the attorney as a gift on my behalf in order to keep the current bankruptcy to the finish.

3. At the same time, I discover a third party bona fide purchaser-investor who offered to purchase the subject property at 493 Verano Court, San Jose, California 95111, for at least two-hundred twenty-five thousand dollars ($225,000.00), all cash without need for any financing, and with escrow to close within thirty (30) days. I asked my state court attorney Barry Blay to communicate the offer to the bank attorney (Merritt Law Firm) and Mr. Blay telephoned Merritt and then sent notice to Merritt in writing on September 8, 2010. However, Merritt objected to the written language and called us liars, and she unilaterally rejected, thus refusing to communicate the offer to the bank (her own client). Copies of the e-mails and letter communications between attorney Blay and attorney Merritt are attached as exhibits to

1  this declaration.

2  4. In addition, the bank's attorney Merritt falsely claimed to my attorney Blay, that she never received the two-thousand dollar ($2,000.00) cashier's check that we timely sent to her office via Federal Express in compliance with this Court's instructions to attorney Blay at the initial hearing on the bank's motion for relief from automatic stay. In fact, we personally went to the federal express and sent the cashier's check to her office and a copy of the Fedex receipt is attached to this declaration.

5. Federal Express apparently delivered the check to Ontario instead of Cucamonga. However, Fedex corrected their error and did in fact deliver the money to the Merrit law firm At 11. 45 A.M., on Sept. 10, 2010, and a copy of the Fedex tracking document is attached to this declaration.

6. *In spite of the above, and* at 12. 21 P. M., on the same Friday, Sept. 10, 2010; ie: thirty-six (36) minutes AFTER they actually received the money, the Merritt law firm turned around and sent an e-mail to attorney Blay falsely claiming that they did not receive the money and calling him a liar, and again refusing to communicate the bona fide offer of purchase of the property, to Merritt's own client.

7. Attorney tried again to cooperate and persuade Merritt to communicate the bona fide purchase offer to her bank/client, but despite all the above, Merritt still to refused to do so. Again, copies of crossing e-mails/letters between Blay and Merritt are attached to this declaration.

8. In this regard, such sale transaction would enable the bank to receive nearly a quarter of a million dollars in cash, and this debtor would be able to pay $1,500.00 per month in rent to the investor/purchaser, and all the above would help the debtor to submit a reasonable plan, toward resolving this bankrupty case. Therefore, the sale would be in the best interests of all parties and in the best interests of justice.

9. We coordinated with the California State Bar Ethics Hot Line concerning Merritt's continuing refusal to communicate the offer to the Bank, which knowingly and intentionally delays, and directly inhibits, and potentially and highly probably precludes what would otherwise be a very probable revolution of this entire matter. The California State Bar Ethics Hotline immediately advised that Merritt's above conduct violates Professional Ethics/Disciplinary Rule 3-500 concerning a bar member's duty to keep its client informed of developments in the case; Professional Ethics/Disciplinary Rule 3-510 concerning a member's duty to communicate the amount and terms of offers of settlement and/or other matters; and