California Business and Professions Code Section 6128(b) concerning delay of resolution of a case.

10. Given the conduct of the bank's attorney, as well as the time necessary for the bankruptcy attorney Mitchell to formally substitute into this case on behalf of the undersigned debtor, I respectfully request that the court continue this hearing (and related days for filing opposition and reply to the bank's motion for relief from automatic stay), for the reasonable period of approximately forty-five (45) days or more. Such continuance should be granted in order for the bank to receive, negotiate, accept and/or otherwise act with respect to the purchase and sale of the property at 493 Verano Court, San Jose, California, and to satisfy the bank's claim of title to the property for approximately a quarter million dollars cash; and at the same time, help enable the debtor to have bankruptcy specialist attorney come in and submit a reasonable plan toward resolving this entire bankruptcy.

Dated: September 15, 2010

By: *[signature]*
Tuan Hai Dang

# BARRY C. BLAY
## Attorney at Law

Telephone: (916) 476-4677  
Cell Phone: (916) 628-4025

2123 – 36th Street  
Sacramento, CA 95817

September 8, 2010

Tyneia G. Merritt, Esq.  
MERRITT LAW, INC.  
8300 Utica Avenue, Suite 193  
Rancho Cucamonga, CA 91730

Re: Communication of Offer for Purchase of Property
Located at 493 Verano Court, San Jose, CA 95111.

Dear Ms. Merritt:

Thank you for our telephone conference yesterday afternoon concerning the above. Per our discussion and pursuant to your request therein, this letter first confirms that I have been serving as the attorney of record for Plaintiff Tuan Hai Dang in the case of Tuan Hai Dang, et al. vs. Bank of America Home Loans, et al., Santa Clara County Superior Court, Case No. 1 10 CV 166277. As we also discussed, I was subsequently/recently advised that Tuan Hai Dang has filed a Chapter proceeding in the United States Bankruptcy Court for the Northern District of California (San Jose Division), Case No. 10-57266.

As we also discussed, I am not a Bankruptcy Attorney. However and while Mr. Dang was initially "In Pro Per" in said Chapter proceeding, I agreed to make a "Special" Appearance on his behalf last week, in opposition to your Motion for Relief from Automatic Stay, apparently with respect to your banking institution/client(s)' claim against Mr. Dang, concerning foreclosure of a Deed of Trust encumbering the above referenced real property located at 493 Verano Court, in San Jose, CA. Per our above conversation, this also confirms that, in conformity with the Judge's instructions at said hearing, Mr. Dang timely caused a Cashier's Check in the sum of Two Thousand Dollars ($2,000.00) to be sent to your office this past Friday, Sept. 3, 2010, via Federal Express. I was personally present and witnessed the delivery and payment for said Federal Express mailing of such $2,000.00 cashier's check to your office and you must have received it no later than yesterday morning. If you claim that such FedEx delivery did not arrive, please advise immediately, and I will have FedEx check their Tracking Number.

Per our conversation, this finally confirms an Offer from a third-party investor/buyer, for the purchase of said property located at 493 Verano Court, San Jose, CA, for the sum of Two-Hundred and Twenty-Five Thousand Dollars ($225,000.00). <u>This is an All-Cash Offer, with escrow to close within thirty (30) days</u>. The investor must receive full and clear title to the property, free and clear of any and all loans, deeds of trust, mortgages, other liens, encumbrances and/or clouds against free and clear title. Accordingly, Dang would have to cooperate re: ensuring the transfer of full and clear title to the buyer.

Tyneia G. Merritt, Esq.
Re:  Communication of Offer for Purchase of
     Property at 493 Verano Court, San Jose, CA
September 8, 2010
Page 2 of 2 Pages


In this regard and during our above teleconference, you immediately demanded that the Offer be increased from the Two-Hundred Thousand Dollars ($200,000.00) figure that I initially discussed with you, to the higher figure of Two-Hundred Twenty-Five Thousand Dollars ($225,000.00). You further demanded that the monies go to your client(s), pre-sumably meaning no monies would go to Mr. Dang. This has caused me a lot of grief, as Mr. Dang is adamant that he has all or at least some portion of the actual title to said property and that your client(s) do not have the actual and clear title to the property.

In addition and as you and I discussed yesterday, Dang just met with another attorney who specializes in Bankruptcy and Real Estate. On the other hand, I believe Mr. Dang is tired of litigating and that he would like to get out of the Bankruptcy situation. For such reasons, I have gotten him to agree to cooperate at this time. Given the above, this just may be the perfect opportunity to accomplish such a positive resolution; and I respect-fully request that you please kindly and immediately communicate and coordinate the above with your client(s) ASAP, toward efficiently and cost-effectively resolving the parties' dispute and getting nearly a Quarter of a Million Dollars into your client(s)' hands within the next thirty (30) days.

However, and if your client(s) and Mr. Dang elect otherwise, (ie: what I consider the negative approach from both the business, practical, and economic perspectives), then I will become un-involved; and the respective parties can use you and Mr. Dang's Bank-ruptcy/Real Estate Attorney to litigate the matter to whatever end; without me.

It was a pleasure talking with you and I look forward to hearing back from you as soon as possible. Meanwhile and once again, thank you for your kind courtesies in this matter.

Very truly yours,


Barry C. Blay, Esq.
BCB:bb



# TM
## Tyneia G. Merritt
ATTORNEY AT LAW

September 10, 2010

Barry C. Blay, Esq.
2123 36th St.
Sacramento, CA 95817

In Re: **TUAN HAI DANG**
Property Address: 493 Verano Court, San Jose, CA 95111

Dear Mr. Blay:

I am in receipt of your email. I just read your letter and was shocked at your blatant lies. I never discussed any offer with you. I told you that before I could talk to you about an offer or the case, I needed you to fax me a letter of representation. You ignored my statement and said you had a cash offer. So I repeated myself and I told you to put your offer in writing and that I could not discuss an offer or details of an offer with you or the case until I received your letter of representation. You then lost your train of thought and started babbling about your days in the war and how you lacked any knowledge about bankruptcy, and then continued talking about the war again. I was perplexed by your actions, so I tried to be kind by listening to you.

After you digressed about your war days, I guess you remembered you called me to discuss Dang and then asked me if I received a check in the amount of $2,000.00. I told you that I had not received any funds from your client. So today, you called my office and provided a tracking number. Upon calling FedEx, I was informed that FedEx never attempted to deliver any package to my office because they received a call from the sender, Dang, who instructed them not to deliver the package and place the package on hold. I am not sure what type of game you are playing, but you can guarantee if the funds are not in my office as the United States Bankruptcy Judge ordered your client, I will inform the court and seek sanctions against you and your client.

As such, any further communication must be in writing, email, letter or fax. This will avoid any further temptation by you to conjure up events or details of a conversation that never took place.

MERRITT LAW, INC.
8300 UTICA AVE., SUITE 193
RANCHO CUCAMONGA, CA 91730

TEL: 909-476-0651   FAX: 909-476-7029   EMAIL: TYE@THEMERRITTFIRM.COM



# TM
## TYNEIA G. MERRITT
ATTORNEY AT LAW

Page 2 of 2
DANG

I hereby object and reject your entire letter, especially, the text I have pasted below because it is absolutely false.

"In this regard and during our above teleconference, you immediately demanded that the Offer be increased from the Two-Hundred Thousand Dollars ($200,000.00) figure that I initially discussed with you, to the higher figure of Two-Hundred Twenty-Five Thousand Dollars ($225,000.00). You further demanded that the monies go to your client(s), pre-sumably meaning no monies would go to Mr. Dang. This has caused me a lot of grief, as Mr. Dang is adamant that he has all or at least some portion of the actual title to said property and that your client(s) do not have the actual and clear title to the property.

In addition and as you and I discussed yesterday, Dang just met with another attorney who specializes in Bankruptcy and Real Estate. On the other hand, I believe Mr. Dang is tired of litigating and that he would like to get out of the Bankruptcy situation. For such reasons, I have gotten him to agree to cooperate at this time. Given the above, this just may be the perfect opportunity to accomplish such a positive resolution; and I respect-fully request that you please kindly and immediately communicate and coordinate the above with your client(s) ASAP, toward efficiently and cost-effectively resolving the parties' dispute and getting nearly a Quarter of a Million Dollars into your client(s)' hands within the next thirty (30) days.

However, and if your client(s) and Mr. Dang elect otherwise, (ie: what I consider the negative approach from both the business, practical, and economic perspectives), then I will become un-involved; and the respective parties can use you and Mr. Dang's Bank-ruptcy/Real Estate Attorney to litigate the matter to whatever end; without me.

It was a pleasure talking with you and I look forward to hearing back from you as soon as possible. Meanwhile and once again, thank you for your kind courtesies in this matter.

Sincerely,

*Tyneia Merritt*

Tyneia G. Merritt, Esq.

MERRITT LAW, INC.
8300 UTICA AVE., SUITE 193
RANCHO CUCAMONGA, CA 91730

TEL: 909-476-0651                FAX: 909-476-7029            EMAIL: TYE@THEMERRITTFIRM.COM

Tracking no.: 873579711365     Select time format: **12H** | 24H     E-mail notifications

## Delivered

Initiated → Picked up → In transit → Delivered

**Delivered**
Signed for by: L.NIGRETTE

**Shipment Dates**
Ship date: Sep 3, 2010
Delivery date: Sep 10, 2010 11:45 AM

**Destination**
Signature Proof of Delivery

### Shipment Facts     Help

| Service type | Priority Envelope | Delivered to | Receptionist/Front Desk |
|---|---|---|---|

### Shipment Travel History     Help

Select time zone:

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Sep 10, 2010 11:45 AM | Delivered | | |
| Sep 10, 2010 11:14 AM | On FedEx vehicle for delivery | ONTARIO, CA | |
| Sep 10, 2010 9:15 AM | Delivery exception | ONTARIO, CA | Rerouted to revised delivery address |
| Sep 10, 2010 6:27 AM | At local FedEx facility | ONTARIO, CA | |
| Sep 9, 2010 6:39 AM | At local FedEx facility | ONTARIO, CA | |
| Sep 8, 2010 10:37 PM | At local FedEx facility | ONTARIO, CA | |
| Sep 7, 2010 9:35 PM | At local FedEx facility | ONTARIO, CA | |
| Sep 7, 2010 8:58 AM | At local FedEx facility | ONTARIO, CA | |
| Sep 7, 2010 8:45 AM | Held at FedEx location for recipient pickup | ONTARIO, CA | |
| Sep 4, 2010 7:40 AM | At local FedEx facility | ONTARIO, CA | |
| Sep 4, 2010 7:40 AM | At local FedEx facility | ONTARIO, CA | Package not due for delivery |
| Sep 4, 2010 3:33 AM | At dest sort facility | ONTARIO, CA | |
| Sep 4, 2010 2:36 AM | Departed FedEx location | OAKLAND, CA | |
| Sep 3, 2010 10:44 PM | Arrived at FedEx location | OAKLAND, CA | |
| Sep 3, 2010 8:52 PM | Left FedEx origin facility | SACRAMENTO, CA | |
| Sep 3, 2010 3:37 PM | Picked up | SACRAMENTO, CA | Tendered at FedEx Kinko's, now FedEx Office |

UNITED STATE BANKRUPCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>　　TUAN HAI DANG,<br>　　　　Debtor<br>vs.<br><br>HSBC BANK USA as Trustee for SEQMT 2007-3<br><br>　　Movant | Bankruptcy Case No. 10-57266<br>Docket Control No: TGM-1<br>Chapter 13<br>**PROOF OF SERVICE**<br>MOTION TO COMPEL CLAIMANT'S ATTORNEY TO SUPMIT AN AFFIDAVIT TO THIS COURT STATING WHETHER OR NOT THEY ARE PEPRESENTING THE HOLDER IN DUE COURSE AND THE CREDITOR IN THIS MATTER.<br>OPPOSITON TO CREDITOR'S CLAIM AND OPPOSITON TO RELIEF FROM STAY<br>TUAN HAI DANG DECLARATION |

**PROOF OF SERVICE**
**(Code Civ. Proc., § 1013a(3))**

I, Van Tran, am employed in the County of Santa Clara, State of California. I am over the age of 18 and I am not a party to this bankruptcy case; my address is 72 Mill Stone Lane, San Jose, CA 95136.

On **September 17, 2010**, I served the foregoing document described as:

MOTION TO COMPEL CLAIMANT'S ATTORNEY TO SUPMIT AN AFFIDAVIT TO THIS COURT STATING WHETHER OR NOT THEY ARE PEPRESENTING THE HOLDER IN DUE COURSE AND THE CREDITOR IN THIS MATTER.
OPPOSITON TO CREDITOR'S CLAIM AND OPPOSITON TO RELIEF FROM STAY
TUAN HAI DANG DECLARATION

On the interested parties in this action:

[    ]　　by placing the original/true copies thereof enclosed in sealed envelopes addressed as follows:

TYNEIA G. MERRITT, Esq.
MERRITT LAW, INC.
8300 UTICA AVE. , SUITE 193
RANCHO CUCAMONGA, CA 91730

Certified Mail Receipt # 7009 0820 0000 6476 8300

1
PROOF OF SERVICE

| | |
|---|---|
| 1 | |
| 2 | [ XXX ]    **BY CERTIFIED MAIL:**    I deposited such envelope in the mail at San Jose, California. |

[ XXX ]     **BY CERTIFIED MAIL:**     I deposited such envelope in the mail at San Jose, California.

The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence and other mail for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Turlock, California, in the ordinary course of business; and there is delivery service by United States mail at the place(s) so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on **September 17, 2010,** at San Jose, California.

_/s/ Vauthan_